UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MATTHEW JOSEPH (#82660)                                       CIVIL ACTION

VERSUS

RICHARD STALDER, SECRETARY, ET AL.                    NO. 07-0155-C-M2


NOTICE

     Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

     In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

     ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

     Signed in chambers in Baton Rouge, Louisiana, September 27, 2007.

MAGISTRATE JUDGE CHRISTINE NOLAND

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

MATTHEW JOSEPH (#82660)                                    CIVIL ACTION

VERSUS

RICHARD STALDER, SECRETARY, ET AL.                        NO. 07-0155-C-M2

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

The pro se petitioner, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, commenced this action pursuant to 42 U.S.C. § 1983, naming as defendants Secretary Richard Stalder and Warden Burl Cain, and complaining of his confinement at LSP.  Upon a determination that the petitioner's Complaint was more in the nature of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and/ or 2241, the Court ordered the petitioner, within twenty (20) days, to either voluntarily dismiss this action or resubmit his claim on the Court's approved habeas corpus forms, copies of which were provided to him.  <u>See</u> rec.doc.no. 4.  The petitioner was specifically placed on notice that "a failure to comply with this Order within the time allowed shall result in the dismissal fo the petitioner's Complaint without further notice from the Court."  <u>Id.</u>

In response to the Court's Order, the petitioner has neither sought voluntary dismissal of this action nor has he resubmitted his claim on the Court's approved habeas corpus forms as directed.  To the contrary, he has merely forwarded to the Court a "Response", rec.doc.no. 5, wherein he reiterates the assertions contained in his original Complaint.

Regardless whether the petitioner's claim is categorized as a civil rights action brought pursuant to 42 U.S.C. § 1983 or as a habeas corpus proceeding brought pursuant to 28 U.S.C. § 2254 and/or 2241, this action must be dismissed.  In his Complaint, the petitioner alleges that in

July, 1993, a previously-imposed life sentence was vacated, and he was re-sentenced to life imprisonment, with this sentence being suspended, subject to a five-year period of active supervised probation.  In 1996, the petitioner's probation was revoked based upon the violation of one or more of the conditions of his supervised release, and the petitioner's life sentence was made executory.  He complains, however, that the revocation procedures were improper, that he should not be serving a life sentence, and that his release date has been miscalculated by the defendants.

A review of the records of this Court reflects that the plaintiff has previously asserted this claim in another proceeding, Matthew Joseph v. N. Burl Cain, et al., No. 04-0543-D-M3, wherein he complained of the 1996 revocation of his supervised release, of the re-imposition of his life sentence, and of the miscalculation of his release date.  In that case, the petitioner commenced his claim as a self-styled "Motion to Annul, Vacate, Set Aside Sentence of Life Imprisonment", and the Court directed him to resubmit his claim on the Court's approved habeas corpus forms.  After compliance, and upon a subsequent review, the Court determined that the petitioner had failed to exhaust state court remedies as mandated by 28 U.S.C. 2254(b), which is a prerequisite to the assertion of a habeas corpus claim in this Court.  The Court further determined that, to the extent that the petitioner's claim could be interpreted as seeking relief under the civil rights statute, 42 U.S.C. § 1983, his claim was barred by the doctrine set forth in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (holding that in order to succeed on a claim for damages or other relief resulting from an allegedly unconstitutional conviction or imprisonment, a claimant under 42 U.S.C. § 1983 must establish that the conviction or imprisonment

has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus).  For the identical reasons, the instant claim must also be dismissed.  It is clear from the petitioner's assertions that he has not exhausted his state court remedies as required for the assertion of a habeas corpus claim,[1] and it is further clear that, as long as his conviction remains in effect, he cannot pursue relief under 42 U.S.C. § 1983.

<u>RECOMMENDATION</u>

It is the recommendation of the Magistrate Judge that the above-captioned proceeding be dismissed, without prejudice to the petitioner's right to seek further relief after the conditions set forth in <u>Heck v. Humphrey</u>, <u>supra</u>, are met.

Signed in chambers in Baton Rouge, Louisiana, September 27, 2007.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[1]      Although the petitioner asserts that he has attempted to pursue his remedies in the state courts and in administrative grievances before prison officials, it is clear that he has not properly exhausted his claims through and including the Supreme Court of the State of Louisiana.  Specifically, he acknowledges that he has not sought relief in the parish of his conviction, as mandated by Article 925 of the Louisiana Code of Criminal Procedure, and he concedes that his apparently improperly brought habeas claim in the parish of his confinement was dismissed at the state district court level only shortly prior to commencement of this proceeding.  <u>See</u> rec.doc.no. 5.